## HIBERNIA MUTUAL FIRE INSURANCE COMPANY v. JOHN J. MEYER ET UX.

Delay in objecting to formal defects in the preliminary proofs under the conditions of a policy of insurance, which might be obviated in time to preserve the right of action, if made promptly, is evidence of a waiver of such defects.

In error to the Essex Circuit Court.

This action was brought in the Essex county Circuit Court, to recover for a total loss by fire on a policy issued by the defendants below to Catharine Meyer, owner of a dwelling-house therein described, situate in the city of Newark. At the trial, the execution of the policy of insurance and the burning of the building insured, during the continuance of the risk, were proved or admitted.

The defendants, after the testimony on the part of the plaintiffs was closed, moved to nonsuit, because proof of loss required by the conditions of the policy had not been furnished; that the papers purporting to be proofs of loss had not been delivered within a reasonable time after the fire; and that no certificate of a magistrate was annexed to the proof.

The motion was refused, and exceptions were taken and

allowed. The trial proceeded, evidence was offered on the part of the defendants, and there was a verdict for the plaintiffs for the full amount of the loss sustained. The writ of error was returned with the record and bill of exceptions, containing all the evidence offered at the trial.

For the plaintiff in error, *Joseph Coult*.

For the defendants, *J. R. Emery*.

The opinion of the court was delivered by

SCUDDER, J. If there were any defects in the plaintiffs' proofs, upon which the motion to nonsuit was founded, this court will now look at all the evidence sent here in the bill of exceptions, to see if it were afterwards supplied by the testimony on either side, and thus sustain the action of the court below, and uphold the trial of the cause upon the merits, if it can legally be done. *Del., Lack. & W. R. R. Co.* v. *Dailey*, 8 *Vroom* 526.

The only material facts added to the case by the defendants' testimony show that their defence was based on the alleged fraud of the plaintiffs, and suspicious circumstances, manifesting a motive to set fire to the building. These were met with contradictory proof, which was satisfactory to the jury. The main question having been settled by the jury on the merits, and their finding that there was a fair loss, without any fraud, the objections remaining are formal, and based on the alleged non-compliance with the terms of the policy in making the preliminary proofs of loss. Upon these points, the proof stands substantially as it did when the motion to nonsuit was made, at the close of the plaintiffs' evidence.

The judge at the Circuit gave as his reason for refusing to nonsuit, that there was evidence of waiver.

One objection urged was, that the insured did not forthwith give notice of the loss, in writing, to the company, and, as soon after as possible, deliver as particular an account of

their loss and damage as the nature of the case would admit, certified by the nearest magistrate.

To this it was answered that there was a verbal notice of loss given at the office of the company, on the same morning with the fire, to the surveyor, whose duty it was not only to view property in placing risks, but to examine premises in case of loss, for the information of the company, and to communicate with them. He saw the property immediately after the fire, and the purposes of a notice of loss were effected. There was no specific objection made at the time, or afterwards, on behalf of the company, that such notice was not in writing. This was well held to be evidence of waiver of such notice in writing.

But instead of delivering a particular account of the loss, as soon as possible after the fire, such statement was not made until ten months had elapsed. The reply to this is, that the surveyor, at the time the notice was given to him at the office of the company, met the claim with an allegation of fraud. It clearly appears from what followed in the case, that he intended to charge them with setting fire to the building. The wife says that she and her husband went to the office of the company on the morning of the fire, about nine o'clock; that her husband gave the old man behind the counter the policy, "and he took the policy and looks in it, and threw it on the counter, and it fell down on the floor, and he called it a swindle, and spoke rough to me, too; I said nothing, and he said it is a swindle from you." It is difficult to repress the desire to rebuke the insolence of officials who thus meet the claims of ignorant people holding a legally-executed policy of insurance, for which an adequate consideration has been given. But it would be going further than is necessary in this case to hold that a surveyor was such an agent of the company that he could, by a charge of fraud, waive other defences which the company had to the proof of loss. It does not appear that he had such control in accepting proofs and adjusting losses for the company, that he could thus bind them by his declarations. There was some testimony on the

part of the plaintiffs that he was the vice-president, but that was founded upon his own alleged declarations, which were illegal against the company, and subsequently denied by himself and by the president.

So far as appears, he was only a surveyor at the time of the fire—not in charge of their office—and had no authority to bind the company in any way by charging fraud on the policy-holders; nor is it proven that they ever held him out to these parties or others as having such position or authority.

This charge of fraud, however, together with the subsequent accusation, arrest, confinement, trial and acquittal of the husband, while they may not have any legal effect in determining the case, will explain the long delay in presenting the proofs of loss.

These proofs were delivered to the proper officers of the company December 15th, 1874. They were manifestly and at a glance defective in the time of presentation, and in the want of a certificate of the nearest magistrate. They were accepted without objection. If the point had been promptly made, the certificate of the nearest magistrate might have been immediately supplied, and the delay satisfactorily explained. These are the specific grounds on which the motion for nonsuit was based, and the cause for reversal pressed in this court.

There was a delay from December 15th, 1874, to January 30th, 1875, in making a return of the proofs with notice of defects. At that time it was too late to complete the proofs and retain the right of action under the policy. The company had sixty days after the proofs were furnished to make payment of the loss, and the suit was required to be brought in twelve months after the loss. This time expired February 13th, 1875, the day on which the action was brought. The objections made by the company are not such as require time for examination. They were purely technical and formal, known at the time, and obvious. The delay to object was therefore unreasonable, under the circumstances, and injurious to the plaintiffs. Such delay has been held to be

evidence of waiver of objections to the time of presenting and to the form of preliminary proofs. *Jones* v. *Mechanics' Insurance Co.*, 7 *Vroom* 29 ; *State Insurance Co.* v. *Maackens*, 9 *Vroom* 564; *Basch* v. *Humboldt Insurance Co.*, 6 *Vroom* 429 ; *Taylor* v. *Roger Williams Insurance Co.*, 51 *New Hamp.* 50.

Objections to mere matters of form in the preliminary proofs under the conditions of policies, which may be obviated, should be made promptly, otherwise apparent acquiescence and lapse of time may give an advantage to insurance companies, and enable them to defeat meritorious claims by the merest technicalities.

Under the peculiar facts of this case, the company should be held to the strictest construction of the policy and the promptest statement of objections to the proofs offered.

There was no error in the refusal to nonsuit the plaintiffs, and the judgment of the Circuit Court is affirmed.

*For affirmance*—THE CHIEF JUSTICE, DIXON, KNAPP, SCUDDER, VAN SYCKEL, WOODHULL, GREEN, LILLY.   8.

*For reversal*—DALRIMPLE.   1.